IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:12-cv-07577 |
| | ) | |
| DOES 1 – 62, | ) | Honorable Marvin E. Aspen |
| | ) | Magistrate Judge: Michael T. Mason |
| Defendants. | ) | |

### MOVANT 24.1.50.31'S REPLY TO PLAINTIFF'S RESPONSE TO MOVANT'S COMBINED MOTIONS

NOW COMES the Defendant, DOE identified under IP ADDRESS 24.1.50.31 ("Movant"), by Movant's attorney, Law Offices of McLaughlin & Associates, P.C., and for Movant's Reply to Plaintiff's Response to Movant's Combined Motions, states as follows:

### I. PLAINTIFF DOES NOT OBJECT TO MOVANT'S REQUEST FOR A PROTECTIVE ORDER UNDER FRCP 26(c)(1)

As stated in Movant's combined motion, Movant is entitled to a protective order under FRCP 26(c)(1) in order to protect movant from "annoyance, embarrassment, oppression, or undue burden or expense..." As further stated in Movant's combined motion, pseudonymous litigation has been permitted when the issues involve "matters of a sensitive and highly personal nature..." *Southern Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). As stated in Plaintiff's Memorandum in Opposition, Plaintiff does not object to filing Movant's information under seal and allowing him to remain anonymous through the end of discovery. Considering Plaintiff's position in the matter and Movant's undisputed need to proceed anonymously, at the very least, Movant should be allowed to proceed as a Doe litigant. Further, given the potentially embarrassing subject matter of such

1

litigation, Movant should be allowed to proceed as a Doe litigant not only through the end of discovery, but through the end of the entire litigation process.

## II. SEVERANCE IS PROPER AT THIS STAGE OF THE LITIGATION BECAUSE PLAINTIFF HAS FAILED TO ALLEGE HOW ANY OF THE DOE DEFENDANTS ACTED IN CONCERT TO DOWNLOAD OR UPLOAD THE SUBJECT VIDEO

Plaintiff argues in its Memorandum in Opposition on page 10 that it will prove that Defendants committed a "series of transactions with mathematical certainty." Plaintiff's contention is that this "series of transactions" is consistent with the Circuit Courts' definition of "series" under Fed. R. Civ. P. 20(a), thereby permitting the joinder of all reasonably related claims. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

However, this contention is inconsistent with more recent decisions in which the courts have attempted to resolve similar joinder issues involving highly technological software. In *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163-64 (N.D. Cal. 2011), Judge Joseph C. Spero conducted a technical analysis of BitTorrent Protocol, concluding that the alleged Does did not participate in the same series of transactions and finding that joinder of the Doe defendants in a similar action was not permitted under Rule 20(a). The plaintiff in that case had similarly attached an exhibit reflecting activity of different IP addresses occurring in on different days and times over a two-week period. *Id* at 1164. Judge Spero found that the temporal disconnect in these activities to be an "unpersuasive allegation that the Does acted in concert." *Id.* Plaintiff's exhibit in the present case shows an even more glaring temporal disconnect between the separate activities of the individual Does, with internet users spread over 33 days.

Judge Spero's concerns were similar to those relied upon in the United States District Court for the Northern District of California, in *MCGIP, LLC v. Does 1 1-49*, 2011 WL 4352110

(N.D.Cal. Sept. 16, 2011) at *4. In that case, the court noted that the Plaintiff had alleged a chain of data distribution spanning 149 defendants, 14 different ISPs, and 36 separate days between March 28, 2011 and May 11, 2011. *Id.* at *3. Noting the absence of any evidence that the Doe defendants actually acted in concert to illegally download the subject video on those 36 separate days, joinder was determined to be inappropriate. *Id.*

Plaintiff cites cases from the Southern District of New York and the Eastern District of Michigan for the assertion that a temporal overlap is not required by the law of joinder, and that it is sufficient that the alleged individual BitTorrent infringers participated in the same series of downloads in the same swarm. *See Patrick Collins, Inc. v. John Does 1-21,* WL 1190840 (E.D. Mich. 2012) and *Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291 (S.D.N.Y. 2012). The court in *Patrick Collins, Inc. v. John Does 1-21,* WL 1190840 at (E.D. Mich. 2012) declined to follow Judge Spero's finding in *Hard Drive Productions, Inc. v. Does 1-188,* finding that joinder of the defendants was justified because the plaintiff alleged that the defendants were all part of the same swarm and were downloading a movie through a series of uploads and downloads from the same initial seeder. However, this conclusion does not persuasively undermine Judge Spero's rationale that the plaintiff's must show the defendants were in the same swarm at the same time in order to constitute a concerted action. *Hard Drive Productions, Inc.,* 809 F. Supp. 2d at 1164.

In fact, the Eastern District of New York recently issued an opinion outwardly rejecting the "swarm joinder" theory articulated in *Patrick Collins, Inc. v. John Does 1-21,* WL 1190840 (E.D. Mich. 2012). *Patrick Collins, Inc. v. Doe 1,* 2012 WL 5879120 (E.D.N.Y. Nov. 20, 2012). The plaintiff in that case, similar to Plaintiff in the case at bar, relied upon the argument that all of the defendants could be connected "series of transactions because they were all part of a series

of transactions linked to a unique Initial Seeder and to each other." *Patrick Collins, Inc. v. Doe 1*, 2012 WL 5879120, at *8. The court rejected this argument, finding that "[I]f this theory were correct, it relieves the Plaintiff of the burden of demonstrating that a chain of sharing transactions actually connects each of the Defendants. *Id.* The court further found that the series of transactions might easily be broken if a Seeder joins the swarm who obtained a copy of the same file through a different source. *Id.*

In reaching this finding, similar to Judge Spero in *Hard Drive Productions,* the court listed a number of factors compiled by Judge Gary R. Brown of the Second Circuit's Eastern District that weighed against the "swarm joinder" theory: "(1) the BitTorrent protocol operates invisibly to the user and the user plays no active role in any interactions with other Defendants; (2) the dates of the alleged infringing action are often weeks or months apart; (3) individualized questions of fact far outweigh the common questions of fact; and (4) allowing the Plaintiff to pursue mass actions permits the Plaintiff to avoid filing fees." *Id.* The court then referenced several courts in the Circuit that had adopted some or all of Judge Brown's reasoning, finding that the plaintiff was to file separate actions against each Doe defendant, "so as to avoid unfair outcomes, improper joinder and waste of judicial resources, and to ensure the proper payment of filing fees." *Id* at *8-9. *See Digital Sins,* 2012 WL 1744838, at *2; *Patrick Collins, Inc. v. Doe,* No. 12–CV–1153, 2012 U.S. Dist. L EX IS 75986, at *2–*3 (E.D.N.Y. May 31, 2012); *Zero Tolerance Entertainment, Inc. v. Does 1–45,* 12–CV–1083, 2012 WL 2044593, at *1 (S.D.N.Y. Jun.6, 2012). In *Next Phase Distribution,* 284 F.R.D. 165, 2012 WL 3117182, at *4, the court insightfully noted that severance was also appropriate because of the likelihood that each Doe would assert different defenses, "thereby adding factual and legal questions that are not common among all the defendants.") (citing *In re BitTorrent,* 2012 WL 1570765, at *12).

As stated in Movant's Combined Motion, federal judges in the Northern District of Illinois have also recently severed similar cases involving other adult video companies attempting to join multiple distinct internet users. *See CP Productions, Inc. v. Does 1 – 300*, 10 C 6255; *Lightspeed v. Does 1 -1000*, 10 C 5604; *Millenium TGA, Inc. v. Does 1 – 800,* 10 C 5603; *VPR Internationale v. Does 1 – 1017*, 11 C 2068, (C.D. Ill.). These judges have adopted similar reasoning to that employed by Judge Spero and Judge Brown, which is to acknowledge the ever-expanding list of concerns which outweigh use of the "swarm joinder" theory.

In the alternative, Plaintiff argues that joinder has been permitted even when the defendants do not directly interact with each other. In support of this argument, Plaintiff relies on *United States v. Mississippi,* 380 U.S. 128, 142-143 (1965), where the Supreme Court allowed the joinder of six defendants from six different counties who were election registrars and were alleged to have taken part in the same state-wide system of discrimination against African Americans. In that case, as Plaintiff states, the defendants were never alleged to have directly interacted with each other or to have even known of each other's actions. Plaintiff's attempt to compare the connection between Mississippi election officials in the 1960's and the Defendants in the present case are, to state it mildly, misguided. The defendants in that case were employed by the state of Mississippi, as part of a state-wide system, involved with a suit against the state of Mississippi. To the contrary, the Defendants in the present case were not alleged to be part of any overarching organization, much less a state-wide system.

There is no question that some courts have denied motions to sever defendants from misjoinder, as Plaintiff claims on pages 14 and 15 of its responsive brief, but the fact that courts have denied motions to sever for misjoinder in other cases does not mean that severance is not appropriate in this case. Those courts that have severed cases for misjoinder, including other

courts in the Northern District of Illinois, have all concluded that the Plaintiff's failure to allege how any of the defendants acted together other than generically indicating that they were part of a BitTorrent swarm is insufficient to allow the defendants to remain joined in the same action. As was aptly stated by Judge Beller in *MCGIP, LLC v. Does 1 1-49* at *4, the tactics in mass John Doe litigation lawsuits are aimed at obtaining the identities of IP subscribers early, sending settlement demands to those subscribers, and using the threat of public embarrassment to force early settlements.

### III. FRCP 45 MOTION TO QUASH

Plaintiff argues in its Memorandum in Opposition at page 4 that Movant's reliance on the *Dendrite* test is misplaced because *Dendrite* applies to defamation cases where the defendant had engaged in speech which was actually protected. Plaintiff argues that the *Sony Music* test is the appropriate test used in these circumstances. The factors contemplated by the *Sony Music* test referenced by Plaintiff include: These factors include: (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request (3) the absence of alternative means to obtain the subpoenaed information (4) a central need for the subpoenaed information to advance the claim, (5) the party's expectation of privacy. *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

The most notable difference between these two tests concerns the *Dendrite* test's requirement that the plaintiff's prima facie cause of action can withstand a motion to dismiss for failure to state a claim for which relief can be granted. *See Dendrite Int'l, Inc. v. John Doe*, 775 A.2d 756, 760 (N.J. Super.2001). Aside from this difference, the provisions of the two tests remain similar in nature and Plaintiff is nonetheless unable to pass the test for which it advocates. As discussed in Movant's Combined Motion, Plaintiff gives the Court insufficient

detail to evaluate the strength of Plaintiff's showing with respect to any individual. As such, Movant's expectation of privacy is not outweighed by Plaintiff's need for the subpoenaed information, whether by use of the *Dendrite* test or the *Sony Music* Test.

## CONCLUSION

As set forth above, Movant should, at the very least, be allowed to proceed as a Doe litigant through the end of discovery in order to adequately protect Movant as directed by FRCP 26(c)(1) and because Plaintiff does not object to filing Movant's information under seal. Moreover, Movant should be severed from the other Doe defendants because Plaintiff's allegations fail to adequately show the 62 Doe defendants acted in concert to download or upload the same video. Finally, the subpoena should be quashed because Plaintiff's failure to specify what infringing activities Movant took part in does not justify disclosure of Movant's identity under the *Dendrite* test or the *Sony Music* test.

**DATED: Feb 1, 2013**             LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.

By: /s/ Kenneth S. McLaughlin, Jr.
One of the Attorneys for Defendant Doe,
IP Address 24.1.50.31

Kenneth S. McLaughlin, Jr.
LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.
495 N. Commons Drive, Suite 103
Aurora, IL 60504
(630) 230-8434
(630) 230-8435 fax
A.R.D.C. No.: 6229828