# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7577 | **DATE** | 2/28/2013 |
| **CASE TITLE** | Malibu Media, LLC vs. John Does 1-62 | | |

**DOCKET ENTRY TEXT**

WRITTEN Opinion entered by the Honorable Michael T. Mason on 2/28/2013: Defendant Doe #3's "combined motion to quash and for protective order pursuant to FRCP 45 and 26, or in the alternative to sever for improper joinder" [21] is granted in part and denied in part. All Doe defendants are allowed to proceed anonymously and by pseudonym at this stage of the litigation, and plaintiff may not reveal any Doe defendant's identity in any public filing or communication absent prior express authorization by the Court. See below for further detail. All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned District Judge. Magistrate Judge Michael T. Mason no longer referred to the case.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff alleges it owns a copyright for the adult content motion picture entitled "Morning Tryst" (the "Work"). Plaintiff filed this suit alleging that sixty-two Doe defendants have used the Internet and the BitTorrent protocol to commit direct and contributory copyright infringement of the Work. According to the complaint, BitTorrent is a common peer-to-peer file sharing protocol used for distributing large amounts of data. Rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers). Plaintiff asserts its computer investigators have identified each of the Doe defendants' Internet Protocol ("IP") addresses as participants in a swarm that was distributing the Work. According to plaintiff, each of the Doe defendants' acts of infringement occurred using an IP address traced to a physical address located within this District.

On November 16, 2012, this Court granted the plaintiff leave to subpoena certain Internet service providers ("ISPs") to obtain the identity of the persons associated with the allegedly offending IP addresses identified in the complaint [14]. Plaintiff has since settled with and has voluntarily dismissed with prejudice its suit against nine defendants [16, 18, 25, 30, 32, 33].

Of the remaining fifty-three Doe defendants, one has filed a "combined motion to quash and for protective order pursuant to FRCP 45 and 26, or in the alternative to sever for improper joinder" [21]. The District Court has referred that motion to this Court for resolution [26], and it has been fully briefed [29, 31]. The movant Doe is identified by IP Address 24.1.50.31, and is the third Doe named in plaintiff's complaint ("Doe #3").[1] We address the arguments raised by his motion below, albeit in a different order.

**Request for Severance Based on Improper Joinder**

**STATEMENT**

Doe #3 argues that he should be severed from this lawsuit for impermissive joinder. Under Federal Rule of Civil Procedure 20(a)(2), "Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

At this pleading stage, plaintiff's allegation that defendant Does 1-62 have infringed plaintiff's copyright through BitTorrent is sufficient to satisfy Rule 20(a)(2)(A). Plaintiff contends that each defendant participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions. Plaintiff alleges its investigation revealed that the defendant Does' IP addresses each copied a piece of the Work, as identified by the Work's "Unique Hash Number." Further, plaintiff asserts that each defendant's acts of copyright infringement occurred using an IP address traced to a physical address located within this District.[2]

Many other cases involving allegations of copyright infringement through BitTorrent have held the same. *E.g.*, *Hard Drive Prods., Inc. v. Does 1-55*, No. 11-2798, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011) (Darrah, J.) (finding plaintiff's allegation that defendants' infringement occurred through BitTorrent "necessitates a concerted action by many people in order to disseminate files ... [and] is sufficient to satisfy Rule 20(a)."); *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011) (Bucklo, J.) (finding joinder appropriate even where several dozen distinct IP addresses were involved in the illegal downloading and downloading allegedly occurred over the space of more than a month); *MGCIP v. Does 1-36*, No. 10-6677, 2011 WL 2292958, at *2 (N.D. Ill. June 9, 2011) (Kendall, J.) ("given the decentralized nature of BitTorrent's file-sharing protocol – where individual users distribute the same work's data directly to one another without going through a central server – the Court finds that sufficient facts have been plead to support the joinder of the putative defendants at this time."); *Malibu Media, LLC v. Does 1-14*, No. 12-263, --- F.R.D. ----, 2012 WL 6115653, at *7 (N.D. Ind. Dec. 10, 2012) (Cosbey, M.J.) ("At this stage of the litigation, Plaintiff's allegations that all the Defendants infringed on its copyright by 'uploading and downloading the same unique copy of the Work with the same Unique Hash Number through the same BitTorrent protocol ...' are sufficient to assert a claim against each Defendant" under Rule 20(a)(2)(A)).

Additionally, plaintiff has established that this suit involves questions of law and fact that are common to all defendants, in satisfaction of Rule 20(a)(2)(B). On the legal merits, plaintiff will have to establish the validity of its copyright in the Work and the exclusive rights reserved to itself to reproduce and distribute its copyrighted materials. Further, plaintiff will also have to establish common factual issues related to the operation of the BitTorrent protocol itself, as well as plaintiff's method for investigating evidence about the infringing activity. As another Court in this District has observed in refusing to sever defendants in a similar suit, the methods used "to investigate, uncover, and collect evidence about any infringing activity will be the same as to each Doe Defendant." *First Time Videos, LLC v. Does 1-500,* 276 F.R.D. 241, 252 (N.D. Ill. 2011) (Castillo, J.). And as that Court also recognized, the fact that "each Doe defendant may later present different factual circumstances to support individual legal defenses" does "not defeat the commonality in facts and legal claims that support Rule 20(a)(2)(B) joinder at this stage in the litigation." *Id.*; *accord First Time Videos, LLC*, 276 F.R.D. at 258 (similarly denying motions for severance and noting that "[t]he overwhelming majority of courts have denied as premature motions to sever prior to discovery.").

While, as Doe #3 notes, some courts in this District have reached different conclusions on the issue of joinder, we find the allegations at issue in those cases to be different from those at issue here. For example,

**STATEMENT**

in *Lightspeed v. Does 1-1000* and *Millenium [sic] TGA Inc. v. Does 1-800*, the Court found that plaintiffs had not provided a good-faith basis for their allegations that each defendant might be found in this District or that a substantial part of the infringement acts occurred in this District. *Lightspeed v. Does 1-1000*, No. 10-5604, Written Op. at 2-3 [53] (N.D. Ill. Mar. 31, 2011) (Manning, J.); *Millenium TGA Inc. v. Does 1-800*, No. 10-5603, Written Op. at 2 [55] (N.D. Ill. Mar. 31, 2011) (Manning, J.)  Similarly, in *CP Prods., Inc. v. Does 1-300,* the Court found "no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist." *CP Prods., Inc. v. Does 1-300*, No. 10-6255, Mem. Op. & Order at 2 [52] (N.D. Ill. Feb. 24, 2011) (Shadur, J.).  Those Courts found plaintiffs' failures in those regards to be particularly egregious, given the existence of easily accessible tools that could verify the locations of the IP addresses involved.

Thus, we find that, at this stage of the proceedings, joinder is appropriate here, and the portion of Doe #3's motion seeking severance is denied without prejudice.  Any future named defendant will be considered individually for a ruling on the merits of plaintiff's claims, and retains the right to raise his or her arguments in favor of severance at a later time.  *First Time Videos, LLC v. Does 1-500,* 276 F.R.D. at 253; *accord Sunlust Pictures, LLC v. Does 1-75*, No. 12-1546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) (Tharp, J.) ("The Court further notes that its ruling on joinder is based, at present, on the allegations of the operative complaint, which must be taken as true.  As facts are developed in this case, the question of joinder may be revisited if the factual predicate set forth in the complaint ... cannot be established.").

**Request to Quash the Subpoena**

Doe #3 also asks the Court to quash plaintiff's subpoena to Comcast Corporation, Doe #3's ISP.  That subpoena asks Comcast to "produce documents identifying the name, address, and telephone number" associated with Doe #3's IP address, along with such information associated with fifty-two other IP addresses. (Mot. at Ex. A.)  Under the pertinent portions of Rule 45(c), courts must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii, iv).  Doe #3 contends the subpoena violates his First Amendment right to anonymous speech, and "it lacks the essential safeguards for subscribers' privacy rights" because it was issued "without individualized consideration of the adequacy of the copyright infringement case with respect to the specific Comcast subscriber."  (Mot. ¶¶ 13, 17.)  Doe #3 also relies on his affidavit, wherein he denies any liability for the allegations in plaintiff's complaint. (Mot. at Ex. C.)

Unfortunately for Doe #3, his arguments, which are routinely advanced in cases similar to this one, have consistently been rejected.  "Although courts have found that file-sharers' activities are entitled to first amendment protection, they have emphasized that the protection is minimal and that it does not cover illegal conduct such as copyright infringement." *First Time Videos, LLC,* 276 F.R.D. at 256 (collecting cases). Also, "[i]t is well-settled that ... general denials of liability cannot serve as a basis for quashing a subpoena." *Id.* at 256-57 (collecting cases).

At this stage of the proceedings, plaintiff is seeking to identify who the defendants are based on their IP addresses.  "Discovery of identifying information is necessary for this case to proceed (as it would be even if the Court severed Doe and other defendants)." *Sunlust Pictures, LLC*, 2012 WL 3717768, at *5.  We find that plaintiff's subpoena does not require the disclosure of privileged matter or create an undue burden as to Doe #3, nor is plaintiff's request outweighed by Doe #3's privacy interests or First Amendment rights.  As a result, we deny the portion of Doe #3's motion seeking to quash plaintiff's subpoena, except to the extent that

**STATEMENT**

the subpoena seeks Doe #3's phone number. We also caution plaintiff that, as a represented party, Doe #3 should only be contacted through his attorney.

**Request for a Protective Order**

Finally, Doe #3 contends he is entitled to a protective order pursuant to Rule 26(c)(1). That Rule provides, in relevant part, that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery," "specifying terms ... for the disclosure or discovery," and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A, B, D).

Specifically, Doe #3 asks the Court to grant him anonymity for the duration of this litigation. He points out that pseudonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). For its part, plaintiff states that "to allay any concern about embarrassment or reputational injury," it "does not object" to filing Doe #3's "information under seal and allowing him to remain anonymous through the end of discovery, so long as Plaintiff is not prevented from conducting discovery in an orderly and efficient manner." (Resp. at 9.)

We view Doe #3's request in light of the possibility that plaintiff is using mass joinder merely to discover the Doe defendants' identities, and then using the threat of disclosing embarrassing information to achieve quick settlements. "Judges in this District have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations." *Sunlust Pictures, LLC*, 2012 WL 3717768, at *5 (*citing Hard Drive Prods. v. Does 1-48*, No. 11-9062, 2012 WL 2196038, at *6 (N.D. Ill. June 14, 2012) (Kim, J.) (warning plaintiff to consider Rule 11 before naming defendant – who disputed that he had illegally downloaded pornographic movie – in amended complaint or otherwise moving forward against him)); *see also VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011) (Baker, J.) (noting that "Where an IP address might actually identify an individual subscriber and address[,] the correlation is still far from perfect .... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.").[3]

Further, at least one other Court in this District has used its "discretionary power" to allow a Doe defendant to proceed, during discovery, under a pseudonym. *Sunlust Pictures, LLC*, 2012 WL 3717768, at **5-6; *see also AF Holdings LLC v. Doe*, No. 12-4222, 2012 WL 5520861, at *3 (N.D. Ill. Nov. 13, 2012) (Darrah, J.) (citing, while denying motion to quash under Rule 45(c)(3)(A), *Sunlust Pictures* to allow Doe defendant to proceed anonymously "at this stage in litigation"). We similarly find that the disputed allegation that Doe #3 illegally downloaded – and presumably viewed – a pornographic movie fits within the framework justifying anonymous litigation. And because Doe #3, as a defendant, has not purposely availed himself of the courts, the public's interest in knowing his identity is weaker. Finally, plaintiff will not be unfairly prejudiced because it will know Doe #3's identity and can prosecute any claims it has against him with legal merit. The "only consequence" to plaintiff of "proceeding anonymously will be diminution of the threat of publicly disclosing Doe [#3's] identity (thereby embarrassing Doe [#3]) as leverage to force a settlement." *Sunlust Pictures, LLC*, 2012 WL 3717768, at *5.

As a result, under Rule 26(c)(1) and our discretionary power, we grant Doe #3's request for a protective order

**STATEMENT**

as follows: Doe #3 is allowed to proceed anonymously and by pseudonym at this stage of the litigation, and plaintiff may not reveal his identity in any public filing or communication absent prior express authorization by the Court. Moreover, in further consideration of the sensitive nature of this case and the potential for embarrassment and annoyance to all Doe defendants, the Court *sua sponte* orders that all Doe defendants may proceed anonymously and by pseudonym at this stage of the litigation. Accordingly, plaintiff may not reveal any Doe defendant's identity in any public filing or communication absent prior express authorization by the Court. *Accord Malibu Media, LLC v. Does 1-14,* No. 12-263, Order at 1-2 [31] (N.D. Ind. November 7, 2012) (Cosbey, M.J.). The issue may be revisited should plaintiff's claims against any Doe defendant survive dispositive motions and appear to be heading for trial.

For the reasons stated above, Defendant Doe #3's "combined motion to quash and for protective order pursuant to FRCP 45 and 26, or in the alternative to sever for improper joinder" [21] is granted in part and denied in part.

1. Because Doe is anonymous, the Court has no way of knowing his or her sex, and for reasons of simplicity only, will refer to Doe using masculine pronouns.

2. To the extent that plaintiff's geolocation of the allegedly infringing IP addresses is incorrect, Doe #3 may interpose jurisdictional objections at the appropriate time. *Pacific Century Int'l v. Does 1-31*, No. 11-9064, 2012 WL 2129003, at *2 (N.D. Ill. June 12, 2012) (Leinenweber, J.).

3. *Cf. Patrick Collins, Inc. v. Does 1-9*, No. 12-3161, 2012 WL 4321718, at *5 (C.D. Ill. Sept. 18, 2012) (Cudmore, M.J.) (noting, in denying defendant's motion to sever and to quash subpoena, that "[o]ne person's cottage industry in harassing lawsuits is another person's vigilant defense of property rights. The Work may or may not be pornographic, but [plaintiff] has alleged that it owns the copyright to the Work and, if so, is entitled to the same protections as the owners of any other copyrighted work. ... The proliferation of these types of lawsuits would be expected given the alleged infringement by thousands of people. The volume of lawsuits alone does not indicate any impropriety.").